Charles BENNETT d/b/a Bennett Plumbing, Heating, Air Conditioning, Plaintiff in Error,

v.

George E. WATROUS, Defendant in Error.

No. 6164.

Court of Civil Appeals of Texas, El Paso.

May 5, 1971.

Owen, Dudley, Brewster & Steinberger, Jack L. Brewster, El Paso, for plaintiff in error.

J. G. Lay, El Paso, for defendant in error.

## OPINION

PRESLAR, Justice.

This is an appeal by Writ of Error from a default judgment entered against the Defendant in the amount of $998.00. We are of the opinion that the judgment should be reversed and the cause remanded for another trial.

The Plaintiff's cause of action was based on allegations that he employed the Defendant to replace a hot water heater, and that in the course of removing the old heater and installing the new one, an employee of Defendant sawed a copper pipe and negligently broke the solder joint and subsequently the joint came loose and caused his house to be flooded to his damage in the amount of $998.00.

The record reflects that Plaintiff on June 26, 1970, filed Request for Admissions, and that the Defendant filed his answers thereto on July 6, 1970. On July 7th, Plaintiff's counsel presented to the trial Judge, his Motion for Admissions Favorable to Plaintiff, in which motion it was alleged that the Defendant had failed to respond to the Request for Admissions within the time prescribed by law and therefore, under Rule 169, Texas Rules of Civil Procedure, Plaintiff was entitled to have each question deemed as admitted. The trial Judge certifies that based upon such motion and representations, he signed an order granting the Plaintiff's motion; he further certified that thereafter, the Plaintiff offered evidence as to his damages but not as to liability, and finding the evidence sufficient as to the damages, he granted the default judgment. The following day the trial Judge signed the judgment prepared and presented to him by Plaintiff's counsel.

Without proof of the liability of the Defendant, the judgment is erroneous, and it is apparent from the record and the certification of the trial Judge that such proof was dispensed with because of the deemed admissions. It is equally apparent that the granting of the Plaintiff's Motion for Admissions Favorable to Plaintiff, (the deemed findings) was erroneous. For, at the time of such action, the Defendant's answers to the Request for Admissions were on file in the case.

Having found that the trial court was led into reversible error in the above particulars which requires that the cause be remanded for another trial, it is unnecessary to pass on the other points of assigned error.

The judgment is reversed and the cause remanded for another trial.